## McFall v. Simmons, Judge.

1. Though the time of appeal from an order granting an association the custody of plaintiff's children had expired, the court had jurisdiction to consider plaintiff's petition for an order granting him their custody, when such petition alleged that since the former order his circumstances had changed, and that he was now able to provide and care for them, since such petition is not to review or reverse the former order, but is to procure a new judgment on a new state of facts.

2. Under Laws 1897, Chap. 67, providing that, on petition for the appointment of a guardian for minor children. the court may order their surrender to certain associations, such order is a substitute for the appointment of a guardian; and hence, under Comp. Laws, § 2650, permitting the removal of guardians when it is no longer proper that the ward be under guardianship, the court had jurisdiction of plaintiff's petition for custody of his children, who had been surrendered to such an association.

3. Plaintiff being a resident of the county in which he petitioned the court for the custody of his children, they being presumptively residents of the same county, the court had jurisdiction to consider his petition, and enter an order granting him their custody.

(Opinion filed February 7, 1900.)

Application to this court for peremptory writ of mandamus by Daniel McFall against Tazewell M. Simmons, county judge. Granted.

No briefs filed.

*T. H. Null*, for plaintiff.

*H. S. Mouser*, for defendant.

CORSON, J.   This is a proceeding on an order to show cause why a peremptory writ of mandamus should not issue to the defendant, as judge of the county court of Beadle county, requiring him to hear and determine upon its merits a petition of the relator herein for the return to his custody of his two minor children, taken from him by an order of that court in August, 1898.   The order to show cause is based upon an affidavit of the relator in which he states that he is the father of two minor children, namely, Maggie McFall and Charles McFall; that in August, 1898, the county court of Beadle county, on the application of W. B. Sherrard, superintendent of the South Dakota Children's Home Society, rendered the following judgment: "It is hereby ordered, adjudged, and decreed that the said children, Maggie McFall and Charles McFall, and they and each of them, are hereby surrendered to the South Dakota Children's Home Society of Sioux Falls, South Dakota;" that thereupon his two children were taken to the Children's Home, in Sioux Falls, and have ever since remained under the charge and control of the said society; that at the time said order was made the relator was a widower, and was unable to provide a housekeeper to care for his children during his absence from home, which, by reason of his avocation, constituted a large part of the time.   The relator further shows that since the said order was made he has married and has now a wife competent and willing to care for said children, and that he desires to have his said children returned to him.   The

relator further shows that he filed a petition in the county court of Beadle county, setting forth fully the facts, showing that he is now entitled to the custody of his minor children, and that they will be properly cared for in case the same are returned to him. He further shows that service of an order to show cause was duly made upon the South Dakota Children's Home Society, and that it appeared specially by H. S. Mouser, Esq., state's attorney for Beadle county, and objected to the hearing of the said petition on the ground that the court had no jurisdiction, and that thereupon the court refused to hear his said petition, and dismissed the same. He further shows that said society refuses to return his said children to this relator, and will not do so unless compelled by an order of the county court, and that the action of the said county court leaves this relator without remedy, save by application to this court for a writ of mandamus to compel said county court to proceed and hear said petition upon its merits; and he prays that this court may issue its peremptory writ of mandamus, commanding the said county court to proceed and hear his said petition, and pass upon the merits of the same. The Honorable Tazewell M. Simmons, judge of said county court, makes return to said order to show cause, setting forth fully the proceedings had, resulting in the judgment or order of the county court of August, 1898. He further states that no appeal was taken from said judgment or order, and that no motion was made to set aside and vacate the same until the application set forth in the relator's petition was made. He further returns that on the 2d day of December, 1899. when the petitioner's application came on to be heard. H. S. Mouser, Esq., appeared specially for said South Dakota Children's Home Society, and

filed the following objections to the jurisdiction of the said court: "(1) No appeal was taken from said judgment within six months of its rendition and entry, and said judgment was a final judgment. (2) The service was personal, and no motion or other proceeding was had to modify said judgment within one year of its rendition. (3) Seven terms of the said court have intervened between the term of the entry of the said judgment and the November term, 1899, at which this motion is first made. (4) The judgment sought to be practically vacated in this proceeding was not one appointing a guardian for said children, but one awarding their custody to the Children's Home at Sioux Falls, South Dakota, that said home might find permanent homes for them, and which in this case has been done, so that it is impossible for W. B. Sherrard to comply with any order that this court might make, as he, as provided by law, has parted with both the custody and control of said children. Therefore this court at this time has no jurisdiction over said children, nor to modify said judgment, and no law or authority exists therefor. (5) Said judgment authorized the taking of said children out of Beadle county to Minnehaha county, South Dakota, which was done; and the motion in this case was not served on W. B. Sherrard in Beadle county, and said children are not in Beadle county, and have not been in Beadle county for nearly eighteen months last past, and no jurisdiction has been acquired to modify said judgment." The defendant concludes his return with the statement that he was of the opinion that the said objections were well taken, and that neither he nor the county court had jurisdiction over the matter set forth in the petition, and the same was therefore dismissed.

The only question properly before us is, did the county court have jurisdiction to hear and determine the petition of the relator upon its merits, made to that court in November, 1899? This question must be determined from an examination of the facts alleged by the re.ator in his petition to the county court, and the records of. said court, of which that court will take judicial notice. The fact that a judgment was rendered in that court, and that no motion was made within a year to vacate and set aside the said judgment, were matters properly before the county court. But the fact, if such it be, that the defendants' children had been placed in families by the South Dakota Children's Home Society was not a matter to be considered by that court in determining its jurisdiction. Chapter 67, Laws 1897, provides that, whenever a petition is presented to a circuit or county court for the appointment of a guardian for minor children therein specified, the court if it deem the appointment of a guardian proper, may direct that such child be surrendered to any association incorporated under the laws of. this state to secure homes for destitute children, under such terms and conditions as the court shall deem proper and expedient. It is further provided in said act that either party may appeal to the supreme court from an order appointing or refusing to appoint a guardian for such child at any time within six months after the entry of such order in the office of the clerk of the court. It was under the provisions of this act that the relator's children were taken from his custody and surrendered to the South Dakota Children's Home Society. The contention made on the part of the defendant, that the county court has no jurisdiction over the petition of the relator, for the reason that no appeal was taken from the judgment of the

county court entered in August, 1898, is untenable. The proceeding by the relator attempted to be taken in the county court was not to review or reverse the judgment entered upon the former proceeding upon the same state of facts which existed at the time that judgment was rendered, but one to procure a new judgment or order in regard to said children, based upon an entirely different state of facts. We may assume that the judgment or order of August 1898, was the proper judgment to be entered, upon the conditions surrounding the said children at the time the said order was made. But we are of the opinion that upon a new and changed state of conditions the county court has jurisdiction to proceed and hear the petition setting up the facts relating to such changed conditions upon their merits. The county court does not lose jurisdiction to appoint a guardian or discharge him by reason of the making of one order or judgment. It may make a new order, and appoint, remove, or discharge a guardian, whenever the circumstances of the case require such action on the part of the court. Section 2650, Comp. Laws, provides that: "A guardian may be removed by the probate court [now county court] for any of the following causes:  *  *  *  When it is no longer proper that the ward should be under guardianship." The county courts of this state have vested in them a large part of the jurisdiction of the old chancery courts, and they exercise the powers and duties of that court over infants. The jurisdiction of the court of chancery to appoint and remove guardians, and to direct the conduct of guardians in regard to the custody, education and maintenance of infants, is so ancient that it is with difficulty its origin can be traced. 2 Story, Eq. Jur. Chap. 35. Assuming that the relator in this case would

be able to establish in the county court the facts alleged in his petition, and that the conditions of his family are so changed that a guardian is no longer necessary for his children, it may be perfectly proper, in case a guardian has been appointed, to remove him; and the surrendering of the custody of the children to the association was simply a substitute for the appointment of a guardian, and must be subject to the same rules. The learned county court therefore was not justified in declining to hear the petition of relator upon its merits. The father of the children being a resident of Beadle county, his children are presumptively residents of that county, and the county court has jurisdiction to hear and determine any question relating to their guardianship or custody; and, whenever the proper case arises, it is the duty of that court to hear and determine any question relating to such guardianship or custody, upon a proper petition in the proper proceedings. The jurisdiction of that court therefore continued over these minor children, for the purpose of making any new order in regard to their custody or guardianship, when the proper conditions were shown to exist, notwithstanding no appeal had been taken from its former order. We are of the opinion, therefore, that the county court had and has jurisdiction to proceed and hear the petition of the relator upon its merits, and that it is its duty so to do. These views lead to the conclusion that the peremptory writ of mandamus prayed for should issue, commanding the said defendant to proceed and hear the petition of the relator filed in open court, and determine the same upon its merits.

The learned counsel for the respective parties discussed at some length the rights and powers of the South Dakota Children's Home Society over children surrendered to its cus-

tody, and the powers of such associations relating to placing such children in homes by adoption. These questions are all matters that may properly be considered by the county court upon a hearing upon its merits of the relator's petition, but upon these questions this court refrains from expressing any opinion in this proceeding.

FULLER, P. J.. took no part in the decision.