This is an appeal by plaintiff from a judgment in favor of defendant. *Page 295 
The action was brought to recover the sum of three thousand five hundred dollars, alleged to have been wrongfully paid by the defendant upon a check drawn and signed by E. M. Barber, as guardian of the estate of John Wood, an incompetent. From the record it appears that on January 6, 1914, an order was duly made and entered by the superior court of San Diego County appointing E. M. Barber guardian of the person and estate of John Wood, an incompetent person. The order provided: "Now, therefore, it is ordered, adjudged and decreed that E. M. Barber be and he is hereby appointed the guardian of the person and estate of said John Wood, an incompetent person; and it is further ordered that letters of guardianship issue to said E. M. Barber upon his giving a bond to said John Wood with sufficient sureties to be approved by the Judge of this court in the penal sum of ten thousand dollars, conditioned that said guardian shall faithfully execute the duties of his trust according to law." On January 7, 1914, said Barber presented the bond required by said order, and on the same day it was approved and filed. The condition of the bond reads: "The condition of the above obligation is such that whereas an order was made by the Superior Court of the county of San Diego, State of California, on the 6th day of January, 1914, appointing the above named principal, E. M. Barber, guardian of the person and estate of John Wood, an incompetent person, and letters of guardianship were directed to be issued to him upon his executing a bond according to law in the sum above named; Now, therefore, if the said principal shall faithfully execute the duties of the trust according to law, then this obligation shall be void; otherwise to remain in full force and effect." Thereafter, and on January 9, 1914, letters of guardianship were issued to said Barber and duly filed.
[1] Section 1754 of the Code of Civil Procedure provides: "Before the order appointing any person guardian under this chapter takes effect, and before letters issue, the court must require of such a person a bond to the minor with such sufficient sureties to be approved by the judge, and in such sum as he shall order," etc. On January 7, 1914, being the same day on which the bond was approved and filed, but two days before the issuance of letters of guardianship and the taking of the oath, Barber, as such guardian, drew a *Page 296 
check on the defendant bank, the one above referred to, which was cashed by defendant and the amount thereof charged to the account of the incompetent. No question appears to be raised as to the disposition of the funds paid upon the check, or the right of the bank to honor it and charge the same to the account of the incompetent if said Barber had authority to draw the check. The only serious question presented for determination is as to whether or not, under the facts as briefly narrated, Barber had authority, as guardian, to draw such check.
The question has been decided adversely to appellant's contention that he had no such authority by the supreme court of this state in the case of Whyler v. Van Tiger, 2 Cal. Unrep. 800, [14 P. 846]. There Mary E. Whyler, the mother of a minor, was appointed its guardian, and she thereupon caused to be presented and approved the bond required by the order of her appointment, and immediately entered upon the discharge of her duties as guardian, but no letters of guardianship were issued to her nor did she take the oath of office. She and the minor owned as tenants in common a piece of real property. On the day after the bond was filed, acting individually and also as guardian of the estate of the minor, she executed a lease of said premises to the defendant. The question there presented was as to whether or not the lease was valid. The court decided, in effect, that the taking of the oath and the formal issuance of letters of guardianship were not essential prerequisites to the exercise of authority as a guardian, the court saying: "There is no error in the record. We think that Mrs. Whyler was a guardian when she executed the lease to defendant and that the lease was properly executed."
That case in all material respects is like the present one; and if the lease in that case was the act and deed of the guardian, certain it is that the check here involved must be regarded as validly issued by said Barber. We cannot distinguish the two cases. Authority in other jurisdictions is in accord with the conclusion reached in the case cited. In 21 Cyc., at page 41, it is said: "What is known as letters of guardianship is in the nature of a certificate or commission, and while they furnish convincing evidence of the guardian's authority to strangers, are not necessary to authorize *Page 297 
the guardian to act or to impress upon him the obligations and burdens of his trust."
In Eyster's Appeal, 16 Pa. St. 372, it is held that the record of the orphans' court is evidence of the appointment of a guardian, and that the issuing of a certificate of appointment is not material, and that an act as guardian by the person appointed is an assumption of the trust. The cases appear to proceed upon the theory that, while it is the duty of the guardian to take the prescribed oath, it is not a condition of his appointment, but is only designed to secure the faithful performance of his duties. Similarly with the letters of guardianship, they must be issued, and when issued they constitute evidence of the appointee's authority, but not the authority itself. It seems that the object of the statute in requiring letters to issue and to be recorded with the prescribed oath of office attached is to create and preserve permanent and authentic evidence of the qualification and authority of the guardian, and that these several requirements, although couched in explicit language, are to be construed as directory only and not mandatory. (Dennis v. Bint, 122 Cal. 39, 47, [68 Am. St. Rep. 17, 54 P. 378].) The oath of a public officer is usually so construed. (Mechem on Public Officers, sec. 263 et seq.) The failure to take out letters of guardianship or to take the oath of office may be a sufficient ground for the revocation of the appointment while the neglect continues (Id., sec. 262); but where, as here, a person is duly appointed, and he promptly files the required bond and at once enters upon the duties of his office, an act performed in the discharge of such duties should be held valid, especially where, as in the case at bar, there was no undue delay in complying with the requirements of the statute as to the issuance of the letters and the taking of the oath.
Judgment affirmed.
Waste, P. J., and. Wood, J., pro tem., concurred.
A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 25, 1920.
All the Justices, except Olney, J., concurred. *Page 298