ANNA COHEN *vs.* EDWARD E. COHEN.

SAME *vs.* SAME.

Norfolk.    November 12, 1940. — December 12, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Marriage and Divorce*, Amendment of libel, Decree, Custody of minor child.  *Guardian.  Minor.  Probate Court*, Jurisdiction, Decree.

On an appeal from a decree of a Probate Court, entered on a petition filed after a decree of divorce had become absolute, amending the libel by striking out a prayer for custody of a minor child of the parties and modifying the divorce decree by striking out an order granting custody, that part of the decree as to amendment of the libel was ordered omitted because beyond the power of the court, but that part striking out the order as to custody was affirmed as within the power of the judge under G. L. (Ter. Ed.) c. 208, § 28.

In guardianship proceedings a Probate Court has no jurisdiction under G. L. (Ter. Ed.) c. 201, § 5, to award to the guardian custody of a minor child of living divorced parents.

Two PETITIONS, filed in the Probate Court for the county of Norfolk on February 9, 1940.

The cases were heard by *McCoole*, J.

*E. Kurland*, for the libellee-respondent.

*M. N. Abrahamson*, for the libellant-petitioner.

DOLAN, J.  These cases come before us upon the appeal of the respondent from each of two decrees entered in the Probate Court.  On June 29, 1937, the petitioner, as libellant, filed a libel for divorce against her then husband, the respondent here, as libellee.  On October 8, 1937, a decree *nisi* was entered on the libel and, in accordance with one of the prayers contained in the libel, custody of Leon Hyman Cohen, the minor adopted child of the parties, was granted to the petitioner, as libellant, with the right reserved to the respondent, as libellee, "to visit and have the society of said minor child at all reasonable times."  On December 4, 1939, the petitioner filed a petition in the Probate Court for the appointment of a guardian of Leon, and on

January 17, 1940, a decree was entered appointing Israel Cohen his guardian.

On February 9, 1940, the petitioner filed a petition in the Probate Court in which she prayed that her libel for divorce be amended by striking out her prayer for custody, and that the decree of divorce be amended by striking out the provisions contained therein for the custody of Leon. On the same day the petitioner filed a petition praying that her petition for guardianship upon which decree had been entered on January 17, 1940, be amended so as to include a prayer for custody of Leon, and that the decree of January 17, 1940, be amended so as to award custody of Leon to the guardian, Israel Cohen, or some other suitable person. On June 5, 1940, the judge entered a decree, upon the petition filed in the divorce proceeding, that the decree of divorce dated October 8, 1937, be modified by striking out the provisions contained therein relating to the custody of Leon, and also by striking out the prayer in the libel for custody and an allowance for the support of the petitioner and Leon.

On the day that this decree was entered (June 5, 1940) the judge entered a decree that the petition for guardianship be amended to include a prayer that custody of the minor be awarded to the guardian (Israel Cohen) or some other suitable person, and that the care and custody of the minor be awarded to Israel Cohen, the parents to have the right to visit him and have his society at reasonable times.

The evidence is not reported and the judge made no report of material facts.

We consider first the decree entered upon the petition for amendment of the divorce libel, and of the decree entered thereon. Under G. L. (Ter. Ed.) c. 208, § 28, the judge had full power to "revise and alter such decree" relating to the care and custody of the minor child of the parties, from time to time, upon the petition of either parent or of a next friend, or to "make a new decree, as the circumstances of the parents . . . may require." The action of the judge in decreeing that the decree of divorce be modified by striking out the provisions for custody

imports the finding of every fact essential to the entry of the decree. We think, however, that it was not within the power of the judge to decree that the libel itself be amended by striking out the prayer for custody after decree had been entered on the libel. It follows that so much of the decree now under discussion as modified the decree of divorce by striking out the provision for custody must stand.

We are of opinion that the judge was without jurisdiction to enter the decree in the guardianship proceeding, which we have already described. While G. L. (Ter. Ed.) c. 201, § 5, provides that in certain circumstances the guardian of a minor may be given the custody of the person of a minor and the care of his education, it is specifically provided in that section that it "shall not apply to the minor children of parents divorced within or without the commonwealth or between whom divorce proceedings are pending in a court of the commonwealth." This particular provision was first added to § 5 by St. 1931, c. 283, § 1, which is entitled "An Act providing that the guardianship jurisdiction of the probate court shall not apply to the custody of minor children affected by certain divorce proceedings." This amendment to § 5 was enacted following a report of a special commission established to investigate the laws relating to dependent, delinquent and neglected children, and children otherwise requiring special care. (House Document No. 1200, dated January, 1931.) The amendment was recommended by that commission in order "To make clear that the Superior Court or the Probate Court sitting in divorce has original and exclusive jurisdiction over the parties to a divorce cause and over their children . . . ." The provisions of the amendment are not only consonant with the provisions of G. L. (Ter. Ed.) c. 208, § 28, to which we have already referred, but are also in harmony with those of § 29, under which the Superior Court and the Probate Court are given concurrent jurisdiction of the custody of children of parents divorced without the Commonwealth, if the children are inhabitants of or residents in this Commonwealth. Without intimating that the provisions of St. 1931, c. 283, § 1,

are other than declaratory of the law as it existed when that statute was passed, we are of opinion that under its terms the judge had no jurisdiction in the present case to grant custody of the minor child of the parties in the guardianship proceeding.

The decree entered on the petition for amendment of the divorce libel and of the decree entered on the libel is to be modified by omitting the provision that the prayer for custody be struck from the libel, and as so modified it is affirmed.

The decree entered on the petition for amendment of the petition for the appointment of the guardian of the minor, and that his custody be awarded to Israel Cohen or some other suitable person, is reversed, and the petition (for amendment and for custody) is to be dismissed.

*Ordered accordingly.*