## APPLICATION OF CRAWFORD

(135 N.W.2d 140)

(File No. 10121.  Opinion filed May 6, 1965)

**Dale L. Morman,** Sturgis, for appellants.

No appearance for respondent.

RENTTO, J. This is a habeas corpus proceeding commenced on August 2, 1963 by a mother to regain custody of her four minor children between the ages of 12 and 7, who were in the care of her parents. The court concluded that she was a fit and proper person to have their care and control and granted the writ awarding her their custody. Her parents claimed that the circuit court had no jurisdiction to determine the custody of these children because they had previously been appointed their guardians by the County Court of Pennington County, South Dakota. The denial of this contention is one of the errors urged on this appeal.

Petitioner married the father of these children on March 29, 1951 at Rapid City, South Dakota. He was stationed there as an airman in the Airforce. They established their home in Rapid City where these four children were born. On May 25, 1957 in the Circuit Court of Pennington County, South Dakota, she secured a divorce which awarded her custody of the children and $150 monthly child support, reserving to the father rights of reasonable visitation.

In July of 1957 she and her former husband requested her parents, who were residents of Rapid City, to seek court appointment as guardians of the persons and estates of these minor children. On July 5, she signed an affidavit stating that she was unable to provide the proper care, love and affection for her children and asked the court to approve the request of her parents to be appointed guardians and waived notice of their petition. On the same day her former husband signed an affidavit stating that he had requested them to act as such guardians and asked the court to approve their request and waived notice of their petition. Thereafter her parents executed and verified a petition for their appointment as guardians of these minor children. It alleged, among other things, their willingness, ability and fitness to act as such and provide the care and attention needed by the children which they were not then receiving.

These documents were presented to the County Court of Pennington County, South Dakota. On July 16, 1957 the county judge signed an instrument entitled "Letters of Guardianship" which was attested by the clerk. Their separate oaths as guardians, executed that day, appear on this instrument. He also approved their bond as guardians in the sum of $1,800 executed by a corporate surety. All of these papers were filed in county court on July 23, 1957.

From the institution of the guardianship proceedings and continuing to the time the judgment herein was entered, the guardians have retained the physical custody of these children. During that interval they changed their residence from Rapid City to Meade County where they resided with the children

when this proceeding was commenced. After surrendering the care of the children to her parents the mother has not had their custody. Except for periodic visits, she has lived outside the State of South Dakota.

In her petition herein the mother admitted her relinquishment of the custody of her children to her parents and the existence of their guardianship over them and that she and her husband had requested it. She also alleges that she has been restored to good health, has remarried and is now physically able to have their care and custody and provide them a proper home environment. Her petition suggests that the guardianship proceedings are fatally defective because no order of appointment was ever entered or filed. This claim is without merit.

■ ■ The so-called "Letters of Guardianship", above referred to, is in fact an order appointing her parents guardians of the persons and estates of her children. By virtue of the provisions of SDC 35.1807, SDC 1960 Supp. 35.1807 and Ch. 63, Laws of 1963, their appointments became effective when they subscribed and filed the required oaths and furnished a bond approved by the judge. See also SDC 35.1810. That letters of guardianship have not been issued does not destroy the validity of their appointments. Southern Trust & Commerce Bank v. San Diego Savings Bank, 45 Cal.App. 294, 187 P. 435.

By Sec. 20, Art. V of our Constitution county courts are given original jurisdiction in all matters of guardianship. This jurisdiction is a continuing one which remains until the guardianship ends, subject to change of venue to some other county in the state under SDC 1960 Supp. 35.1814. After the appointment of a guardian, upon a new and changed state of conditions the county court has jurisdiction to hear, on its merits, a petition setting out the facts relating to such changed conditions and making a new order concerning custody. McFall v. Simmons, 12 S.D. 562, 81 N.W. 898. In SDC 14.0507 it is provided that "A guardian may be removed by the county court for any of the following causes: * * (8) When it is no longer proper that the ward should be under guardianship." See also Browne v. Superior Court, 16 Cal.2d 593, 107 P.2d 1, 131 A.L.R. 276.

SDC 14.0513 gives to the court appointing the guardian exclusive jurisdiction to control him. Furthermore, SDC 14.0509 declares that "The power of a guardian appointed by a court is suspended only: (1) By order of the court;". In State ex rel. South Dakota Children's Home Society v. Kelley, 32 S.D. 526, 143 N.W. 953, wherein the later statute is construed, this court in discussing the continuing jurisdiction of county courts in guardianship matters said: "there is no power in any other court to supervise or interfere with the proper exercise of such jurisdiction except upon appeal properly taken". Under SDC 14.0308 parental authority of a child ceases upon appointment of a guardian of the person of such child.

While not urged another facet of the basic problem is presented by the record and since it concerns the propriety of the trial court's assumption of jurisdiction in this proceeding, it is before us on our own motion. We refer to the fact that the custody of the children here involved was adjudicated by the Circuit Court of Pennington County in the divorce action. SDC 14.0724 gives to that court a continuing jurisdiction of the custody, care and education of such children. Matthews v. Matthews, 71 S.D. 115, 22 N.W.2d 27.

On the other hand our circuit courts have power under our Constitution, § 14, Art. V, to issue writs of habeas corpus and in such proceedings determine the custody of infants. Application of Habeck, 75 S.D. 535, 69 N.W.2d 353. However, we do not believe that the Circuit Court of Meade County in the circumstances of this case under such grant of power should have become involved with the custody of these children. As a general proposition when two or more courts in a state have concurrent jurisdiction, the court first assuming jurisdiction retains it to the exclusion of all other courts in which the action might have been initiated. To hold otherwise would tend to encourage an unseemly conflict between courts of concurrent jurisdiction.

We recognized this principle in Howe v. Larson, 68 S.D. 203, 299 N.W. 876. See also 21 C.J.S. Courts § 492; 14 Am.Jur., Courts, § 243. Proceedings in habeas corpus are subject to this rule. The general rule governing such proceedings in this area of the law is stated in 39 C.J.S. Habeas Corpus § 53 as follows:

"Pursuant to a general rule of wide application, on which there is no conflict of authorities, it has been held that a court is without jurisdiction where it attempts by habeas corpus to interfere with the exercise by another court of jurisdiction theretofore acquired, whether such jurisdiction is acquired in another habeas corpus proceeding or on appeal, or otherwise, unless the prior jurisdiction has been terminated."

In 25 Am.Jur., Habeas Corpus, § 108, it is written: "It is a settled rule that wherever a court has acquired jurisdiction of a case, no other court may, upon habeas corpus, interfere with its action as to matters concerning which it has acquired jurisdiction." After enumerating the causes for which an applicant for a writ of habeas corpus can be discharged, none of which are here applicable, SDC 1960 Supp. 37.5504, states: "No Court or Judge, on the return of a writ of habeas corpus, shall in any other manner inquire into the legality or justice of a judgment or decree of a Court legally constituted".

It is generally held that when the competing jurisdictions are those of a divorce court and the subsequent habeas corpus proceeding in another court the latter court may not interfere with the custody of the children. Williams v. Woolfolk, 188 Va. 312, 49 S.E.2d 270. See also 146 A.L.R. 1164. Where a guardianship proceeding in county court involving the person and estate of a minor child had intervened between the divorce proceeding and the habeas corpus, in Ex parte Frear, 190 Okl. 16, 119 P.2d 854, it was held that the county court had exclusive jurisdiction of the child and that the district court could not interfere by habeas corpus with the custody of such child. See also 146 A.L.R. 1167. However, Greene v. Superior Court, 37 Cal.2d 307, 231 P.2d 821, holds that the continuing jurisdiction of the divorce court prevents the subsequent appointment of a guardian for the persons of minor children involved in the custody decree of the divorce court. See also Cohen v. Cohen, 307 Mass. 539, 30 N.E.2d 540.

The question as to whether the County Court of Pennington County had jurisdiction to appoint guardians for the persons of

these minors in view of the fact that they were then under the custody provisions of the decree of divorce entered by the Circuit Court of Pennington County, is not presented on this appeal. Therefore, we express no opinion thereon because to do so would be only advisory. Regardless of the resolution of that conflict either the circuit court or the county court in Pennington County, both with prior involvement in the custody of these children, would be open to the petitioner for the relief she is herein seeking. Consequently, the Circuit Court of Meade County should not have assumed to act in this litigation. It was not being called on to enforce the custody provisions of the divorce decree, but rather to make a new determination as to the best interest and welfare of the children.

With this disposition we do not reach the other errors alleged. The judgment appealed from is reversed with directions to dissolve the writ and dismiss these proceedings.

ROBERTS, P. J., and BIEGELMEIER, J., concur.

HANSON and HOMEYER, JJ., dissent.

BIEGELMEIER, Judge (concurring). In concurring with the reversal as to the jurisdictional question, in Kusick v. Kusick, 243 Wis. 135, 9 N.W.2d 607, the Circuit Court of Marquette County had granted custody of children in a divorce action and later the Circuit Court of Dane County entered orders with reference to their support. Holding the latter erroneous, the court said "Such interference by one circuit court with the judgment and exercise of power by another circuit court cannot be approved." No emergency existed which called for the interposition of the Circuit Court of Meade County to assure the children would be subject to the mandate of South Dakota courts.

The following aftermath deserves mention. The trial court wrote an opinion and two days later entered Findings, Conclusions and issued the Writ of Habeas Corpus. It gave custody of the children of a first marriage to applicant who was legally married to a second husband and who was then living in a distant state with another man to whom she claimed to be married. Respondents stated on the record they intended to appeal

and requested a stay which the trial court denied. The present whereabouts of applicant and the children are unknown. The trial court had power to grant a stay conditioned on prompt appeal or to require a bond from appellant to assure compliance with its orders in the event the children were removed from the state. Respondents may now find it difficult to enforce any relief granted by South Dakota courts, a contingency the trial court may have overlooked.

HOMEYER, J. (dissenting). Petitioner as plaintiff in the divorce action in Pennington County was awarded custody of the minor children. This decree has not been vacated or modified. Petitioner's custodial rights are not absolute and the divorce court has the power "at any time" to change provisions in its decree pertaining to children of the marriage. SDC 14.0724. Minor children in divorce proceedings are and continue to be wards of the court. Houghton v. Houghton, 37 S.D. 184, 157 N.W. 316. The divorce court retains continuing jurisdiction over them, Matthews v. Matthews, 71 S.D. 115, 22 N.W.2d 27; 17A Am.Jur., Divorce and Separation, § 815, and this jurisdiction cannot be impaired or defeated by guardianship proceedings in another court initiated by either parents or by third parties with or without the consent or approval of the parents. See State ex rel. Gravelle v. Rensch, 230 Minn. 160, 40 N.W.2d 881; State ex rel. Burris v. Hiller, 258 Minn. 491, 104 N.W.2d 851.

Habeas corpus is an extraordinary remedy and historically its aim is to assure a swift determination of an alleged illegal restraint. The only proper question before the Circuit Court of Meade County was the legality of the restraint of said minor children by their maternal grandparents who were not involved in the divorce action. It had no authority to inquire into the custodial fitness of petitioner or to determine the question of the welfare and best interests of the children. Those matters were and are exclusively for determination by the Circuit Court of Pennington County. However, the Meade County Circuit Court had a limited jurisdiction by habeas corpus to aid the jurisdiction of the divorce court in enforcing and giving effect to its decree, although it lacked jurisdiction to interfere with or supersede such decree. Ex parte Quinn, 192 Or. 254, 233 P.2d

767. The petition for habeas corpus alleged an illegal detention and restraint by the maternal grandparents. When upon the hearing it became apparent that petitioner was entitled to custody of her minor children under the decree of the divorce court, it was the duty of the trial judge to sustain the writ and order custody of the minor children restored to petitioner. If the maternal grandparents sought a change of custody, they were required to proceed in the divorce court. If circumstances warrant and upon proper showing, either the habeas corpus court or the divorce court would have inherent power to enter temporary orders protecting the children and the rights of other interested parties pending a hearing on the merits in the divorce court.

To permit courts other than the court granting the divorce to decide questions involving custody of children of divorced parents would create unwarranted confusion and cause unnecessary delay. Previous decrees granting custody would become emasculated of their effectiveness and well considered judgments based on voluminous evidence and personal observations would be a mockery. Custodial litigation could be unduly prolonged, expensive, and indecisive, with the children as the innocent and hapless victims of uncertainty engendered by failure of interested parties and their counsel to know in which court to proceed.

Except for the limited purpose defined herein, when in my opinion habeas corpus in another court is proper, I would deny any court other than the divorce court jurisdiction to litigate rights to custody of children of divorced parents.

I am authorized to say that Judge HANSON concurs in this dissent.