325 P.2d 402

Denise C. DAVIES, Petitioner,

v.

Honorable H. L. RUSSELL, as Judge of the Superior Court of the State of Arizona, in and for the County of Coconino, Respondent.

No. 6643.

Supreme Court of Arizona.

May 14, 1958.

Alice M. Birdsall and Leon S. Jacobs, Phoenix, for petitioner.

Stevenson, Brooks & Babbitt, Flagstaff, for respondent.

PHELPS, Justice.

This case comes to us on petition for a writ of prohibition in which petitioner, Denise C. Davies, seeks to prohibit the Honorable H. L. Russell, judge of the superior court in and for Coconino county, Arizona, from exercising further jurisdic-

tion in a divorce action numbered 7503 filed in that county by her husband, Eugene A. Davies, against her on September 10, 1957. Petitioner claims said cause of action was not filed until September 18, but whether it was the one or the other date is immaterial. Petitioner will be hereinafter designated as such; defendant Eugene A. Davies, as "Davies"; and Judge Russell, as "respondent."

The facts are that on August 27, 1957 petitioner filed an action in the Maricopa county superior court against defendant Davies seeking a decree of separation from bed and board from him. She joined with him, as defendant, in that action the Northern Arizona Title Company and asked for an injunction against both defendants restraining them from the alienation of property in which she claimed an interest. On September 3 following, injunctive relief was granted. At the time petitioner filed her action in Maricopa county against Davies she had not resided in that county six months, the time required by statute as a condition precedent to the maintenance of an action for absolute divorce. On September 10 following, defendant Davies filed his action for divorce from petitioner in the Coconino county superior court as above stated. On September 13 both defendants sought a change of venue from Maricopa county to Coconino county. No ruling has been made on this motion. On December 2 defendant Davies, in open court,

waived his claim for said change of venue, and on December 12 he filed his answer to petitioner's complaint in the Maricopa county superior court. He filed no counterclaim then nor since. On January 17, 1958 petitioner filed a reply to defendant Davies' answer, and on January 25, 1958 petitioner, having resided in Maricopa county the required statutory period to enable her to maintain an action for divorce in said county, by leave of court, filed a supplemental complaint in which she sought an absolute divorce from Davies.

On November 30, 1957 petitioner filed a motion in the Coconino county superior court to dismiss Davies' action for divorce upon several grounds, chief among which is that the Coconino county superior court had neither jurisdiction of the subject matter of the cause of action nor of either the plaintiff (petitioner) or defendant Davies in that action. The motion to dismiss was denied by respondent on March 21, 1958, and by said order respondent fixed April 3 following, as the date for petitioner to file her answer to Davies' complaint for divorce. Thereupon petitioner invoked the original jurisdiction of this court to prohibit further proceedings in the Coconino county divorce action as above stated.

It is the contention of petitioner that the Coconino county superior court has neither jurisdiction of the subject matter nor of the plaintiff or defendant in the

divorce action number 7503 in that court. She bases her position upon the ground that she had previously thereto filed her complaint in Maricopa county superior court, cause No. 49855, seeking a decree of separation from bed and board against Davies and that it is the law that where courts have concurrent jurisdiction, the court first to assume jurisdiction retains it. We believe there is no doubt that such is the law.

"The pendency of a prior action between the same parties for the same cause in a State court of competent jurisdiction works in abatement of a subsequent action either in the same court or in another court of the State having like jurisdiction." Cameron v. Cameron, 235 N.C. 82, 68 S.E.2d 796, 798, 31 A.L.R.2d 436.

And it is immaterial that the parties, plaintiff and defendant, are reversed in the two actions. Cameron v. Cameron, supra. The parties are the same in both causes of action herein involved except that in the action in the Maricopa county court the Northern Arizona Title Company is made a party defendant, but solely for the purpose of restraining Davies and the Title Company from alienating property in which petitioner claims an interest. We believe that its joinder for that purpose makes no material change in the real parties *in interest*, and, that being true, the parties are the same in both cases.

Whether the causes of action in both cases are the same presents a more serious question. It will be remembered that at the time petitioner filed her complaint in cause No. 49855, supra, she had not resided in Maricopa county six months and could not therefore maintain an action for divorce at that time. The court was without jurisdiction at that time to entertain such a complaint by her. The legislature has made a distinction between an action for absolute divorce and an action for separation from bed and board in that it requires that the plaintiff must be a resident of the state for one year and of the county for six months immediately preceding the filing of a complaint for absolute divorce, but it requires no specific period of residence in the county in order to file an action for separation from bed and board. Ordinarily the true test for determining whether the parties and causes of action are the same for the purpose of abatement by reason of the pendency of a prior action is:

" * * * Do the two actions present a substantial identity as to parties, subject matter, issues involved, and relief demanded?" Cameron v. Cameron, supra.

It is obvious that the relief demanded in the two causes of action is entirely different. In petitioners' original complaint she seeks only a separation from bed and board and, we presume, personal

support. At the time she filed her complaint and until approximately five months thereafter, she could not maintain an action for absolute divorce in Maricopa county. She could have maintained one thereafter only by either filing an original complaint for divorce or by filing, with leave of the court, an amended complaint which, of course, would have set up an entirely new cause of action and as such would not have related back to the date of filing the original complaint but would have dated only from the date it was filed.

As further evidence of the difference in the relief demanded in the two actions we point out the following. After a decree of absolute divorce, the bonds of matrimony are forever terminated, except by remarriage. After a decree of separation from bed and board, the parties may reconcile their differences and restore their marital status by obtaining a vacation of the decree.

Petitioner further contends that under Rule 13(a) of the Rules of Civil Procedure, 16 A.R.S., it was compulsory upon Davies to file a counterclaim for divorce in cause No. 49855 in Maricopa county even prior to the filing of her supplemental complaint for divorce or, in any event she contends, it was his duty to do so upon the filing of said supplemental complaint. It is elemental that the Maricopa county superior court acquired no

jurisdiction to grant a divorce to either petitioner or Davies based upon petitioner's complaint for a decree of separation from bed and board, and the court would have been compelled to strike a counterclaim for divorce filed by Davies in that cause for the simple reason that, unlike the situation in Chester v. Chester, 69 Ariz. 104, 210 P.2d 331, neither party had resided in Maricopa county for the statutory period necessary to give the court jurisdiction to grant either party a divorce. See Hemphill v. Hemphill, 84 Ariz. ——, 324 P.2d 225. In other words, the court had no jurisdiction over the subject matter of a divorce action as between the parties hereto.

The filing of a supplemental complaint by petitioner in which she sought an absolute divorce did not give to the Maricopa county superior court jurisdiction to entertain an action for divorce because the Coconino county superior court had already acquired jurisdiction in the divorce action. We are of the view that this is not a case for the use of a supplemental complaint at all. The provisions of Rule 15(d) of the Rules of Civil Procedure insofar as pertinent are as follows:

"Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth *transactions* or *occurrences* or *events* which have happened since the

date of the pleading sought to be supplemented. * * *" (Emphasis added.)

We believe it is perfectly obvious that the fact that petitioner had completed her six months residence in Maricopa county at the time she filed the supplemental complaint, constitutes neither a "transaction or occurrence or event" contemplated by the framers of the above rule at the time of its adoption.

In Southern Pac. Co. v. Conway, 9 Cir., 115 F.2d 746, 750, the court said:

"* * * The office of a supplemental complaint is not to set forth newly discovered evidence * * *. It is rather 'to bring into the record new facts which will enlarge or change the kind of relief to which the plaintiff is entitled.' "

See the discussion of Federal Rule 15(d), 28 U.S.C.A., at 3 Moore, Federal Practice § 15.16, pp. 857–861 (2nd ed. 1948).

The case of Muncie & Portland Traction Co. v. Citizens Gas & Oil Mining Co., 179 Ind. 322, 100 N.E. 65, 67, is a case where the gas company in its original complaint sought an injunction against the traction company for a threatened unlawful invasion of, and interference with, its pipelines and easement in certain real estate. A temporary injunction issued, but it was ignored by the traction company

who continued to destroy the gas company's pipelines. By leave of court the gas company filed a supplemental complaint charging destruction of its pipelines to the extent that the traction company's acts constituted an appropriation and conversion to its own use of both the easement and pipeline system of the gas company, and prayed for damages resulting therefrom. Upon appeal by the traction company from a judgment entered against it, the court in affirming the judgment said::

"* * * The supplemental complaint alleged that since the filing of the original complaint the appellant had actually entered upon appellee's easement, and destroyed its pipelines, and appropriated said easement to its own use to the damage of appellant, etc. 'The office of the supplemental complaint * * * is to bring into the record such new facts, that the court may grant the proper relief upon the facts existing at the time of the final decree.' Patten v. Stewart, 1865, 24 Ind. 332, 343; Richwine v. Presbyterian Church [of Noblesville], supra [135 Ind. 80, 34 N.E. 737]. The supplemental complaint thus became a part of the original and together they both constituted the complaint in this action." (Citing many cases supporting the latter statement and we believe it to be the general rule.)

"The original complaint as an entirety states a good cause of action, and the supplemental complaint served only to carry into the record facts which occurred after the filing thereof in order that the court might render full and complete justice upon the facts as they existed at the time of the trial."

It could not possibly be said in the instant case that the supplemental complaint could become a part of the original complaint because the court was without jurisdiction to entertain the supplemental complaint at the time the original complaint was filed, and the supplemental complaint constituted an entirely new and different cause of action.

Counsel cited a number of cases where a non-resident defendant had been permitted to file a counterclaim for divorce but in no case cited was such action permitted where the other party was not a resident qualified under the law to maintain an action for divorce.

There is still a further reason why Davies was not under compulsion to file a counterclaim in this case for divorce. Under the statute he was required to answer petitioner's complaint within thirty days from date of his receipt of the complaint. He had the jurisdictional qualifications to file an action for divorce in Coconino county at any time he desired. Petitioner had caused property in which he had an interest to be burdened with an injunction enjoining his use thereof in any manner. Under the circumstances he could not be required to wait five months to file a counterclaim for divorce.

The Maricopa county court has not to this date acquired jurisdiction of the parties or the subject matter in a divorce proceeding between the parties for the reasons above stated. The jurisdiction acquired by the Maricopa county court by virtue of that cause of action is not of such a character that it requires the abatement of the action for divorce instituted by Davies in the Coconino superior court in September 1957 for the reasons above pointed out, i. e., that the causes of action are different and the relief demanded is different. Secondly, there is nothing in the records in this case to indicate that a judgment on the merits in favor of the opposing party in the prior action will operate as a bar to petitioner's prosecution of the subsequent action according to the test hereinafter set forth, as was the case in Cameron v. Cameron, supra.

Where the parties to the second cause of action are in reverse order, as they are here, it was held in Cameron v. Cameron, supra,

" * * * the pendency of the prior action abates the subsequent action when, and only when, these two conditions concur: (1) The plaintiff in the second action can obtain the same relief by a counterclaim or cross demand in the prior action pending against him; and (2) a judgment on the merits in favor of the opposing party in the prior action will operate as a bar to the plaintiff's prosecution of the subsequent action."

A difference between the Cameron case and the instant case is that in the Cameron case the plaintiff, under the statute, could have maintained a counterclaim or not as he wished—it was available to him if he desired to counterclaim. In the instant case the suit for absolute divorce was not available to Davies on counterclaim; nevertheless, the above test in the Cameron case is applicable here.

The Coconino county court first acquired jurisdiction both of the parties and the subject matter in the divorce action, and petitioner must answer the complaint in that action within such reasonable time after the mandate in this case goes down as the court may fix.

The alternative writ of prohibition is quashed.

UDALL, C. J., and WINDES, STRUCKMEYER and JOHNSON, JJ., concur.