No. 42,587

VELMA (TOMASELLI) LEVERETTE, *Appellee,* v. SANTO TOMASELLI, JOHN TOMASELLI and JENNIE TOMASELLI, *Appellants.*

(366 P. 2d 805)

Opinion filed December 9, 1961.

*J. John Marshall*, of Pittsburg, argued the cause and was on the brief for the appellants.

*Pete Farabi*, of Pittsburg, argued the cause, and *L. M. Resler*, of Pittsburg, was with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: This appeal arises out of a habeas corpus action involving custody of a minor child of divorced parents.

The petitioner, Velma (Tomaselli) Leverette, and respondent, Santo Tomaselli, formerly were wife and husband. On October 11, 1955, they were divorced by a decree of the district court of Sedgwick county. They were the parents of two children—a one-year-old son and a two-year-old daughter. The mother was granted custody of the son. Custody of the daughter was granted to the father. The decree specifically stated that the court retained jurisdiction of the parties and the minor children for the purpose of making future orders concerning the welfare of the children.

The case before us involves only the daughter.

Three weeks after the divorce the mother was married to her present husband—a Mr. Leverette—and they reside in Florida. The mother still has custody of the son.

Following the divorce in 1955, the father brought the daughter to the home of his parents—John and Jennie Tomaselli—in Arma, Crawford county. He and his daughter continued to reside there for some time until, due to economic conditions in the area, he went to California to seek employment. The daughter remained in the home of his parents in Arma. He has spent his vacations back in Arma with his daughter and has provided well for her support and education. Except for a period of about two years while he was working in California, the father and daughter resided in the home of his parents in Arma. As stated, the daughter has been there continuously. The father has not remarried.

No proceedings have been had in the district court of Sedgwick county with respect to the 1955 custody order of that court. In the

meantime the mother has been residing in Florida, and the father and daughter have been living as above related.

In the spring of 1961 the mother came from Florida and commenced this habeas corpus proceeding in the district court of Crawford county to secure possession and custody of the daughter. The father and his parents were named as respondents in the proceeding. They moved to dismiss the petition on the principal grounds that the 1955 custody order of the district court of Sedgwick county remained in full force and effect, and that that court was the proper forum in which to institute proceedings relating to custody, and that the district court of Crawford county was without jurisdiction of the parties or the subject matter.

This motion to dismiss was denied, whereupon respondents filed their answer—the contents of which need not be related.

Following a full hearing, at which considerable evidence was introduced, the court found:

". . . that it is for the best interests of the minor child that the custody of the minor child, Cheryl Dean Tomaselli, should be removed from Santo Tomaselli and vested in the mother, plaintiff herein."

Respondents have appealed from that ruling.

We think it unnecessary to take up and discuss in detail the various arguments made by the parties in support of their respective contentions—and instead—will go right to the heart of the matter.

In the first place, let it be said that we are not here concerned with the question of "fitness" of either the mother or father to have custody of the daughter. In the second place, this is not a "contest" between a parent and grandparents for custody, such as was present in *Christlieb v. Christlieb*, 179 Kan. 408, 295 P. 2d 658, and *In re Vallimont*, 182 Kan. 334, 321 P. 2d 190. Also, the question here is not controlled by *Leach v. Leach*, 184 Kan. 335, 336 P. 2d 425; *Niccum v. Lawrence*, 186 Kan. 223, 350 P. 2d 133, and *Hannon v. Hannon*, 186 Kan. 231, 350 P. 2d 26, in each of which cases the parent to whom custody had been granted had left the state with the child and had established a domicile in another state. And neither is the question here controlled by what was said in *Love v. Love*, 188 Kan. 185, 360 P. 2d 1061, which had to do with the question of venue of a habeas corpus action where the parents had not been divorced and therefore no custody order was involved. Further, the facts of this case readily distinguish it from the recent case of *Robben v. Robben*, 188 Kan. 217, 362 P. 2d 29.

Here the father, to whom custody had been granted, took the daughter to the home of his parents in Arma—at which place the four of them continued to reside for several years. Later, due to economic conditions, the father went to California where he obtained employment. The evidence is entirely consistent, however, with the fact that he still "lived in Arma" but was working in California. In fact, he so testified. He was not "domiciled" in California so as to render the daughter a resident of that state within the meaning of the statement found in *Wear v. Wear,* 130 Kan. 205, 222, 285 Pac. 606, 72 A. L. R. 425, to the effect that the domicile of a minor child of the parties is that of the one of them with whom it lives or who, by a competent court, has been given its custody. Except for a visit to California, the daughter has at all times been in the home of her father's parents in Arma—which, in view of the fact the father has not remarried and set up a home of his own—seems entirely logical and the natural course to have followed.

Under the facts of this case the father and daughter were domiciled in Kansas. By the provisions of G. S. 1959 Supp. 60-1510, the district court of Sedgwick county had a continuing jurisdiction over the custody of the daughter as long as she was domiciled in Kansas (see *Leach v. Leach,* above, at p. 339). It follows, therefore, the district court of Crawford county had no jurisdiction to entertain this habeas corpus action.

The judgment is reversed with directions to dismiss the action.