416 P.2d 198

**Carmen ROBAYO, Appellant,**

v.

**Rafael ROBAYO, Appellee.**

**No. I CA–CIV 262.**

Court of Appeals of Arizona.

June 28, 1966.

Rehearing Denied July 26, 1966.

Review Denied Sept. 27, 1966.

Peterson, Estrada & Matz, by Ralph Estrada, Bruce Bayer, Phoenix, for appellant.

Sheldon Mitchell, Phoenix, for appellee.

STEVENS, Chief Judge.

A default divorce was granted on 5 December 1962 to the plaintiff husband after service by publication and registered mail. A Reporter's Transcript of the evidence which was presented at the default hearing is a matter of record. On 1 July 1965, the wife moved to vacate the default and to set aside the judgment. The motion was denied and this appeal followed

The wife attacks the jurisdiction of the trial court urging that the corroborating testimony presented at the default hearing was insufficient as a matter of law. Section 25–317 A.R.S. It is our opinion that the Reporter's Transcript discloses some corroboration. We are not called upon to decide whether a total lack of corroboration deprives the Superior Court of jurisdiction or whether the lack of corroboration can be raised only by a timely motion to vacate or a timely appeal.

The wife's pleadings in support of her motion allege that in the State of California on 30 April 1963, she secured an interlocutory decree of divorce and that the final decree of divorce was issued on 12 April 1965. Nowhere in the file is there an indication that the husband attacks these proceedings. The wife by these pleadings affirmatively discloses an absence of a marital relationship as of the date of the hearing of the 1 July 1965 motion and, therefore, affirmatively discloses that the potential issue of the marital relationship between the parties was moot as of the date that she filed her motion. We are not informed in the record as to any controversy between the parties relative to child custody or child support, these being matters in relation to which the Arizona court has continuing jurisdiction pursuant to Section 25–321 A.R.S. It would not be necessary for the wife to vacate the default to enable her to invoke this continuing jurisdiction. The case of White v. White, 83 Ariz. 305,

320 P.2d 702 (1958), stands for the principle that termination of a marriage by a valid decree in a sister state does not deprive the Arizona court of jurisdiction in relation to matters which could not have been properly adjudicated in the sister state.

 The record before us fails to disclose a good cause showing as to the reason for the wife's two and one-half year delay. Rules 59(j) and 60(c) of the Rules of Civil Procedure, 16 A.R.S.

The order is affirmed.

CAMERON and DONOFRIO, JJ., concur.