516 P.2d 53

**Emmett Joe WARREN, Petitioner,**

v.

**William J. MEYERS ex rel. Judge, Superior Court of the State of Arizona, in and for the County of Coconino, Respondent;**

**Patsy M. WARREN, Real Party in Interest.**

**No. 1 CA–CIV 2511.**

Court of Appeals of Arizona,
Division 1,
Department A.

Nov. 15, 1973.

Machmer, Schlosser & Meitz, Ltd., by Gerald A. Machmer, Phoenix, for petitioner.

Favour & Quail, P. A., by John M. Favour, Prescott, for real party in interest.

OPINION

HAIRE, Judge.

In this special action proceeding, the petitioner requests that we prohibit the respondent judge from taking further action in a habeas corpus proceeding (Coconino County Superior Court Cause No. 27517) involving the custody of petitioner's two minor children. It is petitioner's contention that by reason of prior divorce proceedings initiated in the Maricopa County Superior Court (Maricopa County Cause No. D–111806), exclusive jurisdiction concerning custody of the two minor children was vested in the proceedings in that court, and that therefore the Coconino County Superior Court had no jurisdiction to proceed in the habeas corpus proceeding. After hearing oral argument we issued our order staying further proceedings in Coconino County Superior Court Cause No. 27517, in order that the status quo might be maintained pending further study by this Court.

We have now decided to accept jurisdiction of this special action and grant to petitioner the relief requested. The factual background and our reasons for granting the requested relief are as follows.

Prior to January 1970, the respondent Patsy M. Warren filed an action for divorce from petitioner in the Maricopa County Superior Court (Civil No. D–111806). On January 6, 1970, a divorce decree was entered, granting custody of

the parties' minor children to the respondent wife, with reasonable visitation rights granted to petitioner. At that time both petitioner and the respondent were residing in Maricopa County. Thereafter, problems arose concerning visitation rights, and the petitioner filed, in the Maricopa County action, a petition requesting that the respondent wife be held in contempt for her alleged failure to allow petitioner to exercise his visitation rights. The respondent wife then filed, again in the Maricopa County action, a petition asking for an increase in child support. After hearings on these petitions, the Maricopa County Superior Court, on January 9, 1973, by minute entry order, ordered an increase in child support, and also increased petitioner's visitation and summer custody rights. This minute entry order was not reduced to a formal written, signed order until June 22, 1973. The formal written modification order gave petitioner, among other specified visitation rights, custody of the children for two months during each summer.

Prior to the entry of the June 22, 1973 modification order, and on or about June 2, 1973, the respondent wife moved to Coconino County, taking the children with her. This move and alleged misconduct by the respondent wife relating to the exercise by petitioner of his visitation rights, resulted in his filing in the Maricopa County action a new petition for modification of the custody and visitation provisions of the decree, and also a petition seeking an order holding the respondent wife in contempt. These matters came on for hearing in the Maricopa County Superior Court on June 27, 1973, along with the respondent wife's motion for new trial and objections to the previously mentioned written modification order of June 22, 1973. The trial judge denied the respondent wife's motion for new trial and objections to the June 22, 1973 modification order, quashed the order to show cause concerning the wife's al-

leged contempt because the prior order had not been reduced to a formal written modification order at the time of the alleged contemptuous conduct, and continued the hearing on the husband's new petition for modification to September 5, 1973.

On June 28, 1973, the respondent wife filed a notice of appeal from the visitation provisions of the June 22, 1973 modification order, and from the denial of her motion for new trial. She also filed a supersedeas bond and obtained and filed an order staying the execution of the visitation provisions of the June 22, 1973 modification order. On the following day, without the consent of the respondent wife, the petitioner picked up the two minor children and brought them to Pheonix, apparently in the exercise of his visitation rights under the modified decree.[1]

On July 24, 1973, the respondent wife initiated the proceedings which gave rise to this special action. She filed an independent action *in the Coconino County Superior Court,* requesting that a writ of habeas corpus be issued directed to petitioner, requiring that he have the minor children before the respondent judge in the Coconino County Superior Court on July 27, 1973. Petitioner's counsel filed a written response to the writ of habeas corpus: (1) alleging that the minor children were not being illegally detained in Coconino County, but were visiting their father (petitioner) in Maricopa County; and (2) objecting to the Court's jurisdiction upon the basis that exclusive jurisdiction was vested in the Maricopa County Superior Court proceedings or in Division 1 of the Court of Appeals. Counsel for petitioner also advised the respondent judge that the petitioner would not personally appear in response to the writ, but rather would rely upon his written challenge to the Court's jurisdiction. After a hearing in petitioner's absence, the respondent judge issued an order requiring the petitioner to show

1. The record before this Court does not reveal the exact time the children were picked up or whether petitioner had knowledge of the appeal, supersedeas and stay order prior to

the time he took the children back to Phoenix. The record does reveal that the children were returned to the respondent wife approximately two months later, on August 28, 1973.

·cause why he should not be arrested and punished in accordance with A.R.S. §§ 13–2007, 13–2026 and 13–2027. Petitioner then filed this special action proceeding, asking that we prohibit the respondent judge from taking further action in the Coconino County Superior Court proceedings.

The contents of the respondent wife's application for a writ of habeas corpus filed in the Coconino County proceedings clearly indicate that the object of the habeas corpus proceeding was to enforce the supersedeas and stay order entered in the Maricopa County proceedings as the result of the respondent wife's appeal from the June 22, 1973 modification order. Inasmuch as the Maricopa County trial judge did not find that it would be detrimental to the health or well-being of the children to have to remain in the custody of the respondent wife during the summer months (*see* Young v. Bach, 107 Ariz. 180, 484 P. 2d 176 (1971)), the stay order prevented the enforcement of the June 22, 1973 modification order relating to visitation rights pending disposition of the appeal.

 While we find no Arizona decisions directly in point, it is our opinion that the petitioner's objections to the court's jurisdiction in the Coconino County proceedings should have been sustained. Initially, this Court recognizes that the habeas corpus remedy may at times be an appropriate procedural device to bring before the court child custody questions. Clifford v. Woodford, 83 Ariz. 257, 320 P.2d 452 (1957); Dickason v. Sturdavan, 50 Ariz. 382, 72 P.2d 584 (1937); Application of Stone, 14 Ariz.App. 109, 481 P.2d 280 (1971). The foregoing citations are merely illustrative of the many Arizona decisions involving the use of habeas corpus

proceedings in child custody situations. However it is pertinent to note that practically all of these Arizona decisions have involved the determination of custody in situations involving a non-parent or the enforcement or modification of a foreign custody decree. We have not found any Arizona decisions approving the use of habeas corpus proceedings to decide custody questions arising between parents, when a valid Arizona divorce and custody decree has previously been entered by an Arizona court having jurisdiction to determine these questions. The case of Byers v. Superior Court, 61 Ariz. 284, 148 P.2d 999 (1944), involved a question highly analogous to that here presented. There, a writ of prohibition was sought from the Arizona Supreme Court to prevent the Yavapai County Superior Court from taking jurisdiction in a habeas corpus proceeding wherein a father sought a determination of his child custody rights as against his ex-wife (mother of the children). The parents had previously been divorced in proceedings in the Pima County Superior Court, and the decree entered by that court purported to award custody of the children to the ex-wife. In support of his contention that the Yavapai County Superior Court had no jurisdiction in the habeas corpus proceedings, the father urged that because of the continuing jurisdiction provisions of § 27–811, Arizona Code Annotated 1939,[2] the Pima County Superior Court retained exclusive jurisdiction to determine custody questions arising between the parties. However, the Arizona Supreme Court did not find it necessary to determine the correctness of the father's argument, because it determined that, due to the absence of the ex-wife and children

---

2. These same provisions are found in A.R.S. § 25–321, which was in effect at the time of the subject proceedings in the Coconino County Superior Court which reads as follows:

"The court may from time to time after entry of final judgment, on petition of either party, amend, revise and alter the portions of the decree which relate to payment of money for the support and maintenance of the wife or the expenses of the proceed-

ings, as may be just, and may amend, change or alter any provision of the judgment respecting the care, custody or maintenance of the children of the parties as circumstances of the parents and welfare of the children require."

This opinion does not purport to consider the effect, if any, of statutory changes in Arizona's domestic relations laws, effective August 8, 1973.

from the state at the time of the original proceedings, the Pima County Superior Court had never obtained jurisdiction to determine custody questions, and therefore had no continuing jurisdiction concerning custody questions. The Arizona Supreme Court therefore ruled that the Yavapai County Superior Court had jurisdiction to determine custody in the subsequent habeas corpus proceedings.

In the case at hand, there can be no contention that the Maricopa County Superior Court did not have jurisdiction to determine custody questions in the original divorce proceedings, nor can its continuing jurisdiction under A.R.S. § 25–321 be questioned. Woodford v. Superior Court, 82 Ariz. 181, 309 P.2d 973 (1957); Anderson v. Anderson, 14 Ariz.App. 195, 481 P.2d 881 (1971); Robayo v. Robayo, 3 Ariz. App. 519, 416 P.2d 198 (1966). With this in mind, we are of the opinion that the contentions urged in Byers are sound and require a holding that the attempted exercise of jurisdiction by the Coconino County Superior Court in the habeas corpus proceedings is inconsistent with the continuing jurisdiction vested in the Maricopa County Superior Court proceedings. In our opinion this result is required by the Arizona Supreme Court's decision in Allen v. Superior Court of Maricopa County, 86 Ariz. 205, 344 P.2d 163 (1959). In Allen the Maricopa County Superior Court had attempted to exercise jurisdiction in divorce proceedings involving, *inter alia,* child custody and maintenance questions, although prior proceedings had been instituted in the Cochise County Superior Court. In granting its writ prohibiting Maricopa County Superior Court from assuming jurisdiction, the Arizona Supreme Court held that the court first acquiring jurisdiction (Cochise County) retained it to the exclusion of the Maricopa County Superior Court. *See also* Davies v. Russell, 84 Ariz. 144, 325 P.2d 402 (1958). We can see no reason why these same principles would not apply to the continuing jurisdiction of the Maricopa County Superior Court and the fact situation under consideration. To hold

otherwise would encourage judge and forum shopping by the dissatisfied spouse, undermining the principles established by the Arizona Supreme Court in Hofstra v. Mahoney, 108 Ariz. 498, 502 P.2d 1317 (1972).

We recognize that by reason of express constitutional or statutory provisions there may be exceptions to the rule we adopt here. In this connection *see* McClendon v. Superior Court, 6 Ariz.App. 497, 433 P.2d 989 (1967) involving the exclusive and preemptive jurisdiction of the juvenile court.

Our holding is consistent with the majority of authorities from other jurisdictions:

"The general rule, supported by the greater weight of authority as stated in or inferable from the cases involving the question, seems to be that jurisdiction acquired by a court in divorce proceedings over the subject of the custody and maintenance of the child or children of the parties to the divorce suit is not only continuing (a point beyond the scope of the annotation) but is also exclusive, and precludes any other court in the same state or sovereignty from thereafter acquiring or exercising jurisdiction over the same subject, and that all proceedings relating to the maintenance and custody of such child or children of the divorced parents must thereafter be brought in the same court in which the original decree affecting that subject was rendered." 146 A.L.R. at 1155.

The above rule is generally held applicable to preclude another court from exercising jurisdiction by a writ of habeas corpus to determine custody questions. Bell v. Catholic Charities, 170 S.W.2d 697 (Mo. App.1943); Ex Parte Petitt, 84 Kan. 637, 114 P. 1071 (1911). As stated by the South Dakota Supreme Court in In re Crawford, 81 S.D. 331, 135 N.W.2d 140 (1965):

"While not urged another facet of the basic problem is presented by the record and since it concerns the propriety of the

trial court's assumption of jurisdiction in this proceeding, it is before us on our own motion. We refer to the fact that the custody of the children here involved was adjudicated by the Circuit Court of Pennington County in the divorce action. SDC 14.0724 gives to that court a continuing jurisdiction of the custody, care and education of such children. Matthews v. Matthews, 71 S. D. 115, 22 N.W.2d 27.

"On the other hand our circuit courts have power under our Constitution, § 14, Art. V, to issue writs of habeas corpus and in such proceedings determine the custody of infants. Application of Habeck, 75 S.D. 535, 69 N.W.2d 353. However, we do not believe that the Circuit Court of Meade County in the circumstances of this case under such grant of power should have become involved with the custody of these children. As a general proposition when two or more courts in a state have concurrent jurisdiction, the court first assuming jurisdiction retains it to the exclusion of all other courts in which the action might have been initiated. To hold otherwise would tend to encourage an unseemly conflict between courts of concurrent jurisdiction." 135 N.W.2d 140 at 142. Leverette v. Tomaselli, 189 Kan. 93, 366 P.2d 805 (1961; *See also* 39 Am.Jur.2d Habeas Corpus § 107 (1968).

In view of our finding that the Coconino County Superior Court lacked jurisdiction because of the exclusive, continuing jurisdiction vested in the Maricopa County proceedings, we need not consider whether

Art. 6, § 18 of the Arizona Constitution, 1 A.R.S., constituted a further impediment to the jurisdiction of the Coconino County Superior Court in its attempted exercise of habeas corpus jurisdiction.[3]

One further aspect of the fact situation presented in this special action proceeding deserves comment. The Court is aware that because of the appeal in the Maricopa County proceedings there may be some question as to whether the trial court still retains jurisdiction concerning child custody and visitation matters. See O'Hair v. O'Hair, 109 Ariz. 236, 508 P.2d 66 (1973); Allison v. Ovens, 102 Ariz. 520, 433 P.2d 968 (1967) cert. denied, 390 U.S. 988, 88 S.Ct. 1184, 19 L.Ed.2d 1292 (1968). Our holding that exclusive jurisdiction is vested in the Maricopa County proceedings is not to be interpreted as indicating that the trial court in the Maricopa County proceedings does, or does not, have jurisdiction to enforce its supersedeas and stay order previously entered herein. That specific question has not been presented to us. We do hold that the Coconino County Superior Court does not have such jurisdiction, and that exclusive jurisdiction concerning these matters is vested in the Maricopa County proceedings, be it at the trial court or the appellate level.

The relief requested by petitioner is granted, and this Court's temporary order filed September 24, 1973, staying further proceedings in Coconino County Cause No. 27517 is hereby made permanent.

DONOFRIO, P. J., and STEVENS, J., concur.

---

3. Art. 6, § 18, Constitution of Arizona, provides, in pertinent part, as follows:
"The superior court or any judge thereof may issue writs of . . . habeas corpus on petition by or on behalf of a person held *in actual custody within the county."* (Emphasis added).