570 P.2d 223

**Robert G. BEARD, Petitioner,**

v.

**The Honorable D. L. GREER, Judge of the Apache County Superior Court, Respondent,**

**and**

**Stephanie L. Beard, Real Party in Interest.**

**No. 1 CA–CIV 3968.**

Court of Appeals of Arizona, Division 1, Department B.

Oct. 6, 1977.

Behrens, MacLean & Jacques by William F. Behrens, Phoenix, for petitioner.

Stephen G. Udall, St. Johns, for real party in interest Stephanie L. Beard.

OPINION

HAIRE, Judge.

In this special action, the petitioning father requested that we prohibit the respondent judge from proceeding further in Apache County Civil Action No. C–5560. Petitioner contended that his motion to dismiss should have been granted because exclusive jurisdiction was vested in the Maricopa County Superior Court. After hearing oral argument, we accepted special action

jurisdiction and entered an order directing that the Apache County proceedings be dismissed. This opinion sets forth the reasons for our decision.

The trial court proceedings involved questions concerning the custody of the two minor sons of the petitioning father. Pursuant to a decree of dissolution of marriage entered on February 26, 1974, in Maricopa County Superior Court Cause No. D–149428, petitioner was awarded custody of his two sons. He was at that time, and continues to be, a resident of Maricopa County. Sometime after the entry of the decree of dissolution, the respondent mother moved to Apache County where she now resides.

In July of this year petitioner took the two sons to Apache County and left them there for a visit with their mother. During this period of visitation, the respondent mother commenced a new action in Apache County, seeking a modification of the child custody provisions set forth in the previously entered Maricopa County decree. The father immediately filed a motion to dismiss, contending that exclusive jurisdiction was vested in the Maricopa County Superior Court. When his motion to dismiss was denied, he filed a special action petition seeking relief from this Court.

In *Warren v. Meyers*, 21 Ariz.App. 111, 516 P.2d 53 (1973), this Court considered a question substantially identical to that now presented in this special action proceeding. We were asked to prohibit the Coconino County Superior Court from taking further action in a habeas corpus proceeding involving the custody of the petitioner's minor children. The petitioner contended that by reason of prior divorce proceedings initiated in the Maricopa County Superior Court, exclusive jurisdiction concerning custody of his two minor children was vested in the proceedings in that Court, and that therefore the Coconino County Superior Court had no jurisdiction to proceed in the habeas corpus proceeding. In arriving at the conclusion that the Coconino County habeas corpus proceedings should be dismissed, we stated:

"In the case at hand, there can be no contention that the Maricopa County Superior Court did not have jurisdiction to determine custody questions in the original divorce proceedings, nor can its continuing jurisdiction under A.R.S. § 25–321 be questioned. *Woodford v. Superior Court*, 82 Ariz. 181, 309 P.2d 973 (1957); *Anderson v. Anderson*, 14 Ariz.App. 195, 481 P.2d 881 (1971); *Robayo v. Robayo*, 3 Ariz.App. 519, 416 P.2d 198 (1966). With this in mind, we are of the opinion that the contentions urged in *Byers* [*Byers v. Superior Court*, 61 Ariz. 284, 148 P.2d 999 (1944)] are sound and require a holding that the attempted exercise of jurisdiction by the Coconino County Superior Court in the habeas corpus proceedings is inconsistent with the continuing jurisdiction vested in the Maricopa County Superior Court proceedings. In our opinion this result is required by the Arizona Supreme Court's decision in *Allen v. Superior Court of Maricopa County*, 86 Ariz. 205, 344 P.2d 163 (1959). In *Allen* the Maricopa County Superior Court had attempted to exercise jurisdiction in divorce proceedings involving, *inter alia*, child custody and maintenance questions, although prior proceedings had been instituted in the Cochise County Superior Court. In granting its writ prohibiting Maricopa County Superior Court from assuming jurisdiction, the Arizona Supreme Court held that the court first acquiring jurisdiction (Cochise County) retained it to the exclusion of the Maricopa County Superior Court. *See also Davies v. Russell*, 84 Ariz. 144, 325 P.2d 402 (1958). We can see no reason why these same principles would not apply to the continuing jurisdiction of the Maricopa County Superior Court and the fact situation under consideration. To hold otherwise would encourage judge and forum shopping by the dissatisfied spouse, undermining the principles established by the Arizona Supreme Court in *Hofstra v. Mahoney*, 108 Ariz. 498, 502 P.2d 1317 (1972)." 21 Ariz. App. at 114, 516 P.2d at 56.

Notwithstanding the fact that substantial changes have been made in the Arizona statutes governing marital dissolutions and attendant child custody proceedings subsequent to the fact situation considered in *Warren v. Meyers, supra,* we are of the opinion that its underlying principles remain sound and require a similar result here.

Considering these statutory changes, we first note that the 1973 marital dissolution code, A.R.S. § 25–331, provides two separate methods for the settling of parental disputes concerning child custody:

"D. A child custody proceeding is commenced in the superior court:

"1. By a parent, by filing a petition:

"(a) For dissolution or legal separation; or

"(b) For custody of the child in the county in which the child is permanently resident or found;"

The method provided by subsection D(1)(a) for the resolution of such custody questions as an incident to pending dissolution proceedings is no innovation, and, aside from certain new procedural guidelines, represents merely a continuance of prior Arizona practice. On the other hand, the statutory provision in subsection D(1)(b) for a "petition for custody", independent of any dissolution proceeding, does represent a new step in Arizona practice, at least insofar as statutory recognition of such a procedure is concerned. In prior practice, as discussed in our opinion in *Warren, supra,* the remedy of habeas corpus was frequently utilized to determine inter-parental custody questions where there was no Arizona dissolution proceeding in which the custody questions could be litigated.

Respondent contends that the two separate child custody procedures set forth in A.R.S. § 25–331 D(1) constitute alternate remedies which, assuming compliance with residency or physical presence requirements, are always equally available at the election of the petitioner, for the determination of parental child custody disputes. While at first glance such a construction seems plausible, a close reading of the stat-

ute demonstrates that this was not intended. In its initial language, subsection D provides that "A child custody proceeding is *commenced* in the superior court" (emphasis added), and then provides two alternative procedures for the commencement of such proceedings. In the fact situation presently under consideration before this Court, the child custody proceeding had already been *commenced* in the Arizona courts by reason of the previously filed dissolution proceedings in the Maricopa County Superior Court, a court which had jurisdiction to determine child custody questions and which had in fact already entered a child custody order. This being the case, the seeking of a modification of that existing Arizona court order cannot be considered as the "commencement" of a child custody proceeding. Rather, it is more properly considered as a continuation of an Arizona proceeding already commenced.

In our opinion the alternate procedure permitted by the provisions of § 25–331 D(1)(b) was intended to come into play only when no prior custody proceedings had been commenced in Arizona—for example, the seeking of a modification of a foreign decree, or perhaps the later determination of child custody questions in situations where the Arizona court did not have child custody jurisdiction in the initial dissolution proceedings.

We are aware that the new marital dissolution code does not have a statutory provision similar to repealed § 25–321 expressly allowing the court to modify from time to time the child custody provisions of a marital dissolution decree. However, in view of other provisions in the new code, it is our opinion that such continuing jurisdiction must be implied. For example, A.R.S. § 25–317 F provides:

"F. Except for terms concerning the maintenance of either party and the support, custody or visitation of children, entry of the decree shall thereafter preclude the modification of the terms of the decree . . . ."

This exception would seem to indicate an intention that the court would be authorized to modify decree terms relating to support, custody or visitation of children. Section 25–327 A is likewise pertinent to the court's continuing jurisdiction, providing express authority for the modification of the child support provisions of the dissolution decree. *See also* § 25–337 B expressly giving the court continuing jurisdiction to modify its prior orders governing visitation rights; § 25–338 A giving the court continuing jurisdiction to control, under special circumstances, the custodial parent's authority concerning the child's "upbringing".

Perhaps the strongest implication of continuing jurisdiction is found in the language of A.R.S. § 25–332 B, which prohibits the making of a "motion to modify a custody decree" earlier than one year after its date. The statutory language relating to modification by "motion" is inapposite except in a continuing jurisdiction context.

For the foregoing reasons, we have no hesitancy in finding that under the fact situation presented in this special action, the Maricopa County Superior Court had continuing jurisdiction concerning questions related to the modification of its prior custody decree. Under principles well established in Arizona decisional law, the pendency of that prior action furnished grounds for abatement of the subsequently filed Apache County action, and thus the petitioner's motion to dismiss should have been granted. *Allen v. Superior Court*, 86 Ariz. 205, 344 P.2d 163 (1959); *Warren v. Meyers, supra*;[1] *cf. Davies v. Russell*, 84 Ariz. 144, 325, P.2d 402 (1958).

This Court's prior order directing dismissal of Apache County Civil Cause No. C–5560 is hereby confirmed.

SCHROEDER, P. J., and EUBANK, J., concurring.

---

1. Contrary to the respondent mother's contentions, a motion for change of venue from Apache County to Maricopa County under the provisions of A.R.S. § 12–404 would not be required, inasmuch as there was already an action pending in the Maricopa County Superior Court.