590 P.2d 1383

Albert Luna SIERRA, Petitioner,

v.

Honorable David J. PERRY, Judge of the Superior Court of Maricopa County, Alma Gama SIERRA, Real Party in Interest, Respondents.

No. 14088.

Supreme Court of Arizona, In Banc.

Feb. 14, 1979.

---

George F. Klink, Phoenix, for petitioner.

Gama, Iniguez & Alba by J. Richard Gama, Phoenix, for respondents.

HOLOHAN, Justice.

Petitioner in this special action seeks an order directing The Honorable David J.

---

there is strong evidence of guilt. *State v. De-Coe,* 118 Ariz. 502, 578 P.2d 181 (1978).

Perry, Judge of the Superior Court of Maricopa County, to grant petitioner's motion for abatement of Cause No. DR–98121, a petition for dissolution of marriage. We have jurisdiction pursuant to A.R.S.Const. art. 6 § 5. We grant the relief sought.

Petitioner Albert Luna Sierra and his wife, Alma Gama Sierra, had been separated for approximately two years. Albert lived in Globe, Gila County. Alma lived in Tempe, Maricopa County. Alma informed Albert of her intention to file a petition for dissolution of marriage. They negotiated the terms of dissolution, and then Albert convinced her to delay filing the petition while they participated in counseling provided by the Maricopa County Conciliation Court.

When their attempts at conciliation failed, Albert filed a petition for dissolution in Gila County on September 22, 1978 (Cause No. 20967). Alma filed a petition for dissolution in Maricopa County on October 5, 1978 (Cause No. DR–98121). Albert moved to have Alma's petition dismissed pursuant to rule 12(b), or in the alternative that it abate. Judge Perry denied this motion. Petitioner contends that this was error. We agree.

The rule of law has been clearly established in *Davies v. Russell*, 84 Ariz. 144, 325 P.2d 402 (1958) later reiterated in *Allen v. Superior Court*, 86 Ariz. 205, 344 P.2d 163 (1959), and most recently relied upon in *Beard v. Greer*, 116 Ariz. 536, 570 P.2d 223 (App.1977), that in such a case as this the first county to assume jurisdiction retains it, and the later action abates.

Respondent argues that the purpose of this rule is to prevent forum shopping. She contends that her husband filed the action in Gila County merely to secure a more favorable forum, and that in the interest of preventing forum shopping he should be equitably estopped from invoking the rule of the *Davies* and *Allen* cases, *supra*. Application of equitable principles to alter the present clear and simple rule of law would merely create the evils that the rule was designed to prevent.

Since Albert's petition in Gila County was the first filed, the later petition in Maricopa County should have been dismissed without prejudice. The respondent judge was in error in denying petitioner's motion to dismiss. The respondent judge is directed to set aside his previous order and to enter an order dismissing the Maricopa County action without prejudice.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concur.