**Sheila Marvel NICHOLAUS, Appellant (Defendant/Respondent),**

v.

**Eric Shaw NICHOLAUS, Appellee (Plaintiff/Petitioner).**

No. 87–293.

Supreme Court of Wyoming.

June 24, 1988.

C. Robert Klus, Jr. of the C. Robert Klus, Jr. Law Office, Gillette, for appellant.

Deborah D. Michaels of Banks, Johnson, Wolfe, Hallock & Michaels, Gillette, for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

MACY, Justice.

This is an appeal from an order of the District Court of the Sixth Judicial District within and for Campbell County (Campbell County District Court) modifying the child custody provisions in a prior divorce decree issued by the District Court of the Third Judicial District within and for Sweetwater County (Sweetwater County District Court). Appellant Sheila Marvel Nicholaus initially presented and briefed issues respecting the grounds and evidence relied upon by the Campbell County District Court in changing the custody of the child. Appellee Eric Shaw Nicholaus responded by brief accordingly. Perceiving a question as to the Campbell County District Court's jurisdiction to modify the previous order, this Court requested additional briefing by the parties on jurisdictional issues. We now conclude that the Campbell County District Court was without jurisdiction, and we vacate the judgment and order modifying the custody provisions of the divorce decree.

Appellant, in response to the request for further briefing, phrases the issues identified by this Court in the following manner:

"I. DID THE SIXTH JUDICIAL DISTRICT COURT WITHIN AND FOR CAMPBELL COUNTY, WYOMING HAVE JURISDICTION TO MODIFY THE CHILD CUSTODY, VISITATION AND SUPPORT PROVISIONS OF THE DECREE OF DIVORCE ORIGINALLY RENDERED AND ENTERED BY THE THIRD JUDICIAL DISTRICT COURT WITHIN AND FOR SWEETWATER COUNTY, WYOMING?

"II. IF THE SIXTH JUDICIAL DISTRICT COURT WITHIN AND FOR CAMPBELL COUNTY, WYOMING DID NOT HAVE JURISDICTION TO MODI-

FY THE CHILD CUSTODY, VISITATION AND SUPPORT PROVISIONS OF THE DECREE OF DIVORCE ORIGINALLY RENDERED AND ENTERED BY THE THIRD JUDICIAL DISTRICT COURT WITHIN AND FOR SWEETWATER COUNTY, WYOMING, WAS SUCH JURISDICTION CREATED OR CONFERRED UPON THE CAMPBELL COUNTY DISTRICT COURT BY STIPULATION, CONSENT, ESTOPPEL OR WAIVER OF THE PARTIES?

"III. IF THE SIXTH JUDICIAL DISTRICT COURT WITHIN AND FOR CAMPBELL COUNTY, WYOMING HAD JURISDICTION TO MODIFY THE CHILD CUSTODY, VISITATION AND SUPPORT PROVISIONS OF THE DECREE OF DIVORCE ORIGINALLY RENDERED AND ENTERED BY THE THIRD JUDICIAL DISTRICT COURT WITHIN AND FOR SWEETWATER COUNTY, WYOMING, COULD A SUBSTANTIAL CHANGE OF CIRCUMSTANCES SUFFICIENT TO WARRANT MODIFICATION OF THE CHILD CUSTODY, VISITATION AND SUPPORT PROVISIONS OF SAID DECREE BE PROVEN IN THE CAMPBELL COUNTY DISTRICT COURT WITHOUT ADMITTING INTO EVIDENCE THE RECORD AND TRANSCRIPT OF THE HEARING AND EVIDENCE BEFORE THE SWEETWATER COUNTY DISTRICT COURT WHEN IT ISSUED THE DECREE OF DIVORCE?"

Appellant and appellee were married in Montana on July 15, 1978. The marriage produced one child, Douglas Shaw Nicholaus, who was born March 27, 1980. Subsequently, appellee filed for a divorce in the Sweetwater County District Court. Although appellee had filed for the divorce, the Sweetwater County District Court granted a decree of divorce to appellant on August 30, 1984. The divorce decree awarded primary care, custody, and control of the child to appellant with liberal visitation provisions for appellee. Thereafter, appellee moved to Bozeman, Montana, and appellant and the child moved to Gillette, Wyoming. The record in the instant case does not include any record of the earlier proceeding other than a copy of the decree of divorce.

On May 26, 1987, appellee filed a petition for modification of the divorce decree in the Campbell County District Court. Appellee alleged in the petition that a substantial change in circumstances warranted a change in custody from the mother to him. Appellant responded and counterclaimed for a modification of the original decree to increase appellee's child support obligation. Appellee filed a response to the counterclaim. Neither party questioned or challenged the jurisdiction of the Campbell County District Court.

After a hearing, the Campbell County District Court entered an order changing custody of the child to appellee, effective November 1, 1987. The Campbell County District Court based its decision upon a finding that a substantial change in circumstances and the best interests of the child warranted the change in custody. The Campbell County District Court additionally ordered appellant to make child support payments to appellee. This appeal followed.

■ Although neither party raised the issue of the jurisdiction of the Campbell County District Court to modify the divorce decree, we are free to raise that issue pursuant to our general superintending control over all the courts of this state. Wyo. Const. Art. 5, § 2. That authority allows us to decide a case upon any point which we believe the ends of justice require. *Gilbreath v. Wallace*, Wyo., 738 P.2d 717 (1987); *Allen v. Allen*, Wyo., 550 P.2d 1137 (1976). We have said:

"This court has inherent power to control proceedings before it and under its jurisdiction and can and will summarily raise and dispose of questions arising with respect to jurisdiction. The supreme court has the duty to consider the integrity of an appeal addressed to jurisdictional defect, even though not called to its attention by any litigant." *Hayes v. State*, Wyo., 599 P.2d 569, 570 (1979).

See also *Parker v. Haller*, Wyo., 751 P.2d 372 (1988). We therefore address the is-

sues regarding the jurisdiction of the Campbell County District Court as presented pursuant to our request by the supplemental briefs of the parties. Our resolution of these issues precludes us from reaching the merits of the controversy with respect to the change of custody as initially presented by the parties.

We turn first to the question of whether the Campbell County District Court had jurisdiction to modify the child custody, support, and visitation provisions of the divorce decree entered by the Sweetwater County District Court. Appellant argues that the Campbell County District Court did not have such jurisdiction and that its order modifying the prior decree is null and void. We agree.

Jurisdiction over divorce matters in Wyoming is conferred upon the district courts pursuant to §§ 20–2–101 through 20–2–118, W.S.1977. Although we have had occasion, pursuant to the Uniform Child Custody Jurisdiction Act, §§ 20–5–101 through 20–5–125, W.S.1977, to review the jurisdictional authority of courts of this state to modify custody decrees made in other states, *Rosics v. Heath*, Wyo., 746 P.2d 1284 (1987); *Quenzer v. Quenzer*, Wyo., 653 P.2d 295 (1982), *cert. denied* 460 U.S. 1041, 103 S.Ct. 1436, 75 L.Ed.2d 794 (1983), the issue presented by the instant case is one of first impression.

This Court long ago recognized, however, that custody determinations in a divorce decree are provisional in nature and ordinarily are not res judicata. *Linch v. Harden*, 26 Wyo. 47, 176 P. 156 (1918). The custody provisions of a divorce decree remain open throughout the minority of the children involved, and the district court granting the divorce retains continuing jurisdiction to modify the custody and support aspects of the decree. *Strahan v. Strahan*, Wyo., 400 P.2d 542 (1965). See also *Graham v. Fenno*, Wyo., 734 P.2d 983 (1987); *Erb v. Erb*, Wyo., 573 P.2d 849 (1978). These precepts are incorporated in § 20–2–113(a), W.S.1977, which provides in relevant part:

"In granting a divorce or annulment of a marriage, the court may make such disposition of the children as appears most expedient and beneficial for the well-being of the children. * * * On the petition of either of the parents, *the court* may revise the decree concerning the care, custody, visitation and maintenance of the children as the circumstances of the parents and the benefit of the children requires." (Emphasis added.)

Thus, the cases and statute contemplate the continuing jurisdiction of the district court to modify child custody and support provisions in its divorce decree.

The question then becomes one of whether this jurisdiction is exclusive within Wyoming. Although the cases from other jurisdictions are not in universal accord, the prevailing view is that the continuing jurisdiction of the divorce court is exclusive within the same state. We previously have had occasion, in an opinion on a related matter, to refer to this majority rule. In *State ex rel. Klopotek v. District Court of Sheridan County*, Wyo., 621 P.2d 223, 228 n. 4 (1980), we observed:

"[T]he long standing general rule [is] stated in Annotation, 146 A.L.R. 1153 (1943), 'Jurisdiction acquired by court in divorce suit over custody and maintenance of child as excluding jurisdiction of other local courts, or as rendering its exercise improper.'

"'* * * [J]urisdiction acquired by a court in divorce proceedings over the subject of the custody and maintenance of the child or children of the parties to the divorce suit is not only continuing * * * but is also exclusive, and precludes any other court in the same state or sovereignty from thereafter acquiring or exercising jurisdiction over the same subject, and that all proceedings relating to the maintenance and custody of such child or children of the divorced parents must thereafter be brought in the same court in which the original decree affecting that subject was rendered.' 146 A.L.R. at 1155."

Recent cases adhering to this rule include *Billings v. Billings*, 189 Mont. 520, 616 P.2d 1104 (1980); *Bailey v. Malone*, Fla.

App., 389 So.2d 348 (1980); and *Beard v. Greer,* 116 Ariz. 536, 570 P.2d 223 (1977). See also 24 Am.Jur.2d, Divorce and Separation §§ 967 and 1003 (1983).

In Texas, exclusive continuing jurisdiction of the divorce court in custody and support matters is expressly provided by statute. Tex.Fam.Code Ann. § 11.06. The Supreme Court of Texas, in referring to this legislation, aptly described the policy rationale of exclusive jurisdiction:

> "The Legislature by enacting the Family Code adopted a scheme for handling parent-child matters in a manner that avoids forum shopping, races to the courthouse, child snatching, and the harassment of a parent by the other parent's filing suits in random courts." *Trader v. Dear,* Tex., 565 S.W.2d 233, 235 (1978).

The Supreme Court of Kansas has reached the same result relying upon principles of comity and the provisional nature of custody and support provisions in a divorce decree. That court said, with respect to custody and support modification, that "a court of coordinate jurisdiction should not attempt to interfere with pending proceedings already underway in a sister court." *Nixon v. Nixon,* 226 Kan. 218, 596 P.2d 1238, 1241 (1979).

We perceive the language in § 20–2–113(a) that "the court may revise the decree" to be consistent with the majority rule of continuing exclusive jurisdiction, and we hold that it should be so read. Appellee urges, however, that the question is more properly one of venue than of jurisdiction. We do not agree.

Unquestionably, were this an original divorce action, for which all the district courts have jurisdiction, the proper venue would have been the Campbell County District Court because of its location in the county where the defendant was residing. Section 1–5–108, W.S.1977. The nature of this proceeding, however, was the modification of a provisional custody determination in a divorce decree which remains open for such purpose throughout the minority of the child. *Strahan v. Strahan,* supra; *Linch v. Harden,* supra. As such, it is a continuation of the original action under the continuing jurisdiction of the divorce court. In Erb v. Erb, we referred to the continuing jurisdiction of the divorce court to modify its decree pursuant to § 20–61, W.S.1957, the predecessor to present § 20–2–113(a), and held that a contempt action to enforce child support provisions in a decree was not the institution of an action but rather a supplementary proceeding incidental to the original action. This rationale is equally applicable to a custody modification proceeding.

We are aware, however, that, in *Leitner v. Lonabaugh,* Wyo., 402 P.2d 713 (1965), we employed language referring to a modification proceeding as having attributes of a separate case. We held in Leitner v. Lonabaugh that a presiding district judge had authority and jurisdiction to modify the child custody provisions of a divorce decree even though he had been disqualified in the original divorce action and a special judge had rendered the original decree. In sanctioning this procedure, we characterized a modification proceeding as being "[f]or all intents and purposes * * * a separate and distinct case from the original proceeding." *Id.* at 719. We further recognized, however, that the language in § 20–61 stating "the court may from time to time afterward * * * revise and alter such decree" required that a modification proceeding be filed under the same docket assigned in the original proceeding. The requirement that the modification proceeding be docketed under the original docket is consistent with continuing and exclusive jurisdiction of the divorce court and with our consistently held view that the divorce decree is provisional with respect to child support and custody and that it remains open throughout the minority of the children. The language in *Leitner v. Lonabaugh* as to the separate case characterization is somewhat inconsistent with the docketing requirement recognized in that case and inconsistent with our view of divorce decree modification proceedings as developed in other cases. Consequently, in conformity with our other decisions, we believe that *Leitner v. Lonabaugh* is properly read as acknowledging that, although a modification proceeding has attributes of a separate case,

such a proceeding nevertheless is a continuation of the original action which remains open for such purpose. Therefore, because modification proceedings are a continuation of the original action, the general venue statute is inapplicable to those proceedings. See *Billings v. Billings*, supra; *Beard v. Greer*, supra; Annotation, *Jurisdiction acquired by court in divorce suit over custody and maintenance of child as excluding jurisdiction of other local courts, or as rendering its exercise improper*, 146 A.L.R. 1153, 1167 (1943).

We conclude that, pursuant to the requirements of § 20-2-113(a) and from the persuasive authority of the majority of other jurisdictions where the question has been addressed, the continuing jurisdiction of the divorce court to modify custody and support provisions in the decree is exclusive jurisdiction within Wyoming. The Campbell County District Court therefore lacked jurisdiction to modify the custody of the child in this case.

We next address the related issue of whether the Campbell County District Court could obtain jurisdiction by stipulation, consent, or waiver in the absence of an objection by either litigant. Appellant contends that the parties effectively waived any objection or defense to lack of personal jurisdiction but that subject matter jurisdiction was lacking and cannot be obtained by consent or waiver. We agree.

Neither party objected to the Campbell County District Court's exercise of jurisdiction. Both parties filed petitions and responses, appeared at the hearing, and presented evidence. Clearly, the parties consented to the jurisdiction of the Campbell County District Court. A defense of lack of jurisdiction over the person may be waived under certain circumstances. *Steffens v. Smith*, Wyo., 477 P.2d 119 (1970); *State ex rel. Sheehan v. District Court of Fourth Judicial District, in and for Johnson County*, Wyo., 426 P.2d 431 (1967); Rule 12(h)(1), W.R.C.P. Subject matter jurisdiction, however, cannot be waived, and we are obligated to independently consider the matter. *White v. Board of Land Commissioners*, Wyo., 595 P.2d 76 (1979); *Steffens v. Smith*, supra; Rule 12(h)(3), W.R.C.P. A lack of subject matter jurisdiction renders the proceedings void. 20 Am.Jur.2d, Courts § 97 at 458-59 (1965).

The subject matter in the instant case was modification of child custody provisions in a divorce decree. Since it has been determined that the exclusive continuing jurisdiction of this subject was retained by the Sweetwater County District Court, it is apparent that the Campbell County District Court lacked subject matter jurisdiction. This fundamental defect in the proceedings could not be cured by any waiver or consent of the parties. The proceedings in the Campbell County District Court therefore were void.

The final issue upon which we requested supplementary briefing by the parties was whether, if jurisdiction exists, a substantial change in circumstances could be demonstrated absent the record and transcript from the initial divorce proceeding. Having found a lack of jurisdiction in the Campbell County District Court, we need not address this issue.

The Campbell County District Court's order modifying the decree of divorce as to custody is vacated.